UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CARL ALLEN,

                Petitioner,

-against-

HAROLD D. GRAHAM,

                Respondent.
----------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 2 2013 ★
BROOKLYN OFFICE

MEMORANDUM
AND ORDER
13-CV-6317 (KAM)

MATSUMOTO, United States District Judge.:

On November 15, 2013, petitioner, incarcerated at Auburn Correctional Facility, filed this petition, *pro se*, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 following his November 2, 2012 conviction in Richmond County Supreme Court.[1] In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the Court has reviewed the petition and determined that the petitioner is not entitled to relief in this Court. The petition is dismissed without prejudice.

## DISCUSSION

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust her or his available state remedies. 28 U.S.C. § 2254(b)(1)(A) and (c); *see also Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established

---

[1] Petitioner's previous § 2241 petition, filed when he was a pretrial detainee held on the criminal charges of which he has now been convicted, was dismissed without prejudice petitioner did not meet the exceptionally high standard for federal courts to intervene in an ongoing criminal proceeding. *See Allen v. Maribal*, 11-CV-2638 (KAM) (Mem. & Order dated July 25, 2011, ECF No. 3).

1

appellate review process") (citation and internal quotation marks omitted); *Jimenez v. Walker*, 458 F.3d 130, 48-49 (2d Cir. 2006). The exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the [federal and state] adjudicatory institutions," and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*). Although "both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law." *Jones v. Vacco*, 126 F.3d 408, 413 (2d Cir. 1997) (internal citation omitted).

In the instant case, petitioner was convicted on November 2, 2012 and sentenced on January 10, 2013 in the Supreme Court of the State of New York, Richmond County. (Pet. 1.) His appeal in the Supreme Court of the State of New York, Appellate Division, Second Department, is pending. (Pet. 1.) As petitioner still has "the right under the law of the State to raise" the questions he presents here, he has not exhausted state remedies and his petition must be dismissed. 28 U.S.C. § 2254 (b)(1)(A), (c).[2]

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed *in forma pauperis* is dismissed without prejudice for the reasons set forth above. As petitioner has not made a substantial showing of the denial of constitutional right, a certificate of

---

[2] A petition dismissed for failure to exhaust state court remedies is not considered a second or successive petition that may be barred under 28 U.S.C. § 2244(b). *See Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996). However, any new petition must be filed within the one year period of limitations after the judgment in petitioner's case becomes final. *See* 28 U.S.C.

appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this motion on petitioner at the address listed on the docket sheet.

Dated: Brooklyn, New York
December 2, 2013

_____/s_____
Kiyo A. Matsumoto
United States District Judge

---

§ 2244(d)(1).